## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERINA ESTRELLA,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-0353-19-0022-E-1

DATE: February 10, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ross Fishbein, Esquire, and Wynter P. Allen, Esquire, Washington, D.C.,
    for the appellant.

T. Brooks Anderson, Esquire, and W. Jason Jackson, Esquire, Long Beach,
    California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

On January 16, 2026, the Board received a decision issued on January 8, 2026, by the Equal Employment Opportunity Commission (EEOC). The decision states that the EEOC differs from the Board's final decision in this case, and it refers the case to the Board for further consideration under 5 U.S.C. § 7702(b)(5)(B). For the reasons set forth herein, we CONCUR IN and ADOPT

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the EEOC's finding that the agency failed to provide a reasonable accommodation to the appellant. Accordingly, we FIND that the appellant proved the elements of her restoration claim and GRANT her request for corrective action.

## BACKGROUND

At all times relevant to the appeal, the appellant was a city carrier with the agency. *Estrella v. U.S. Postal Service*, MSPB Docket No. SF-0353-19-0022-I-1, Initial Appeal File (IAF), Tab 8 at 15. As an agency employee, the appellant had to abide by the agency's general safety rules and regulations, which required, among other things, that employees wear shoes that were fully enclosed at the heel, toe, and sides, and constructed of leather or a substantially similar material. IAF, Tab 13 at 105, 163. However, section 939.12 of the agency's Employee and Labor Relations Manual (ELM) gives the agency discretion to grant employees exceptions to the footwear requirement, including for medical reasons. ELM § 939.12, available at https://about.usps.com/manuals/elm/html/elmc9_017.htm.

In 1993 and again in 2013, the appellant filed a notice of occupational disease claim for bilateral plantar fibromatosis (plantar fasciitis) with the Department of Labor's Office of Workers' Compensation Programs. IAF, Tab 14 at 6. Accordingly, from approximately 2000 onwards, the appellant's former supervisor[2] authorized her to wear shoes that were not in compliance with the agency's general safety rules and regulations, specifically, Brooks Ariel sneakers, which were made of a mesh material. *Id.* at 10; IAF, Tab 13 at 26, Tab 54 at 219. Further, the agency provided the appellant with modified duties, and as of August 2014, she worked in a limited duty carrier position at the Burbank Post Office. IAF, Tab 13 at 16, Tab 14 at 10.

In or around April 2016, the Burbank Officer in Charge (OIC) raised concerns about the appellant's noncompliant footwear. IAF, Tab 12 at 232. The

---

[2] According to the appellant's former supervisor, she viewed medical documentation, which had been accepted by the agency, as authorizing the appellant to wear nondepartmental footwear. IAF, Tab 13 at 26, Tab 54 at 219.

appellant explained that the agency had authorized her to wear the mesh sneakers, but on April 8, 2016, the Burbank OIC sent the appellant home, advising her not to report to work without the proper footwear and to obtain updated medical documentation. IAF, Tab 12 at 158, 223, 232, Tab 14 at 10. On or about May 5, 2016, the appellant submitted an updated form CA-17 Duty Status Report, setting forth her medical restrictions, as well as a return to work certificate completed by her doctor, requesting that the agency allow her to wear the mesh sneakers. IAF, Tab 12 at 159-60. She also submitted a Letter of Medical Necessity completed by her doctor, advising that, among other things, the agency should consider the mesh sneakers to be "medically necessary." *Id.* at 161.

The agency conducted a job search based on the updated form CA-17, rescinding the appellant's limited duty assignment at the Burbank Post Office, and offering her a limited duty assignment at the Reseda Post Office, which required more intense physical activity. IAF, Tab 13 at 16, 21. The appellant accepted the offer, and her new first-line supervisor advised her to report to work on May 10, 2016, in compliant footwear, denying her request to wear the mesh sneakers. IAF, Tab 14 at 10. The denial was later reiterated by the Sierra Coastal District Human Resources Manager. IAF, Tab 12 at 142.

The appellant reported to the Reseda Post Office on May 10, 2016, wearing compliant footwear. IAF, Tab 14 at 10. However, her medical condition worsened and on August 15, 2016, the appellant went home and remained in a leave without pay (LWOP) status after the Reseda Postmaster denied her request to wear the mesh sneakers. IAF, Tab 12 at 39, Tab 14 at 10-11, Tab 68 at 316. Shortly thereafter, the appellant submitted a formal request for accommodation to the agency's District Reasonable Accommodation Committee, which also denied her request to wear the mesh sneakers, citing the agency's safety rules. IAF, Tab 50 at 29. The appellant remained in a LWOP status until March 24, 2018, when she started working in an assignment that allowed her to wear the mesh sneakers. IAF, Tab 15 at 15, Tab 68 at 175, 330.

The appellant filed an equal employment opportunity (EEO) complaint, raising a denial of reasonable accommodation claim, as well as her claims of disability discrimination and prior EEO activity. IAF, Tab 12 at 34-44. The appellant requested a hearing before an EEOC administrative judge, and once a judge was assigned, the agency filed a motion seeking to dismiss the complaint and have it heard by the Board as a mixed-case restoration appeal. IAF, Tab 1 at 18-22. Although the EEOC administrative judge denied the motion, the appellant thereafter filed a restoration appeal with the Board, alleging that the agency denied her restoration when it rescinded her limited duty assignment on April 8, 2016, and failed to properly restore her to duty until March 24, 2018.[3] *Id.* at 1, 4, 12-14. She also raised a denial of reasonable accommodation claim and claims of disability discrimination and retaliation for prior EEO activity. IAF, Tab 1, Tab 37 at 1.

On March 9, 2020, a Board administrative judge issued an initial decision denying the appellant's restoration claim and finding that the appellant failed to prove her claims of denial of reasonable accommodation, disability discrimination, or EEO retaliation. IAF, Tab 74, Initial Decision (ID). Neither party filed a petition for review with the Board, and the decision became final on April 13, 2020. ID at 30. Thereafter, the appellant filed a petition with the EEOC seeking review of the Board's final decision regarding her discrimination claims. *Estrella v. U.S. Postal Service*, MSPB Docket No. SF-0353-19-0022-I-1, Petition for Review File, Tab 1. In its January 8, 2026 decision, the EEOC found that the appellant proved that the agency failed to reasonably accommodate her. *Estrella v. U.S. Postal Service*, MSPB Docket No. SF-0353-19-0022-E-1, EEOC

---

[3] The EEOC administrative judge later suspended its case processing pending a determination on jurisdiction. IAF, Tab 15 at 23-25.

Referral File, Tab 1 at 18-19.[4]  Accordingly, the EEOC returned the appellant's discrimination claim to the Board for further processing.[5]  *Id.* at 19.

### DISCUSSION OF ARGUMENTS ON REVIEW

The statute at 5 U.S.C. § 7702(c) provides that the Board shall either "concur and adopt in whole the decision of the [EEOC]," or reaffirm the Board's decision with any revisions the Board finds appropriate.  Under the statute, the Board may disagree with the EEOC only to the extent that, as a matter of law, the EEOC's decision either "constitutes an incorrect interpretation of any provision of civil service law, rule, regulation or policy directive," or involves a provision of civil service law and "is not supported by the evidence in the record as a whole."  The statute allows the Board to disagree with the EEOC only when the EEOC misinterprets a civil service law, rule, regulation, or policy directive, or when the EEOC's decision is so unreasonable that it amounts to a violation of civil service law.  *Campo v. U.S. Postal Service*, 93 M.S.P.R. 419, ¶ 4 (2003).  Here, the EEOC's decision rests solely upon an interpretation of discrimination law, and we find no basis to conclude that the decision is so unreasonable that it amounts to a violation of civil service law.  Thus, we lack the authority to disagree with the EEOC's decision.

Accordingly, we CONCUR IN and ADOPT the EEOC's decision.  This is the final order of the Merit Systems Protection Board concurring in and adopting EEOC's decision.  *See* 5 U.S.C. § 7703(a)(1).

---

[4] Regarding her disparate treatment claim, the EEOC found that the administrative judge erred in determining that the appellant "did not establish that the [a]gency discriminated against her as alleged."  EEOC Referral File, Tab 1 at 19.  However, the EEOC concluded that it "need not address" the appellant's disparate treatment claims because she would not be entitled to any additional remedial relief if she were to be successful on those claims.  *Id.*

[5] The appellant filed an objection to the agency's letter challenging the EEOC's January 8, 2026 decision.  EEOC Referral File, Tab 2 at 4.  As explained above, the Board has no basis to disagree with the EEOC's decision.

**ORDER**

We ORDER the agency to carry out the EEOC's decision by conducting a proper job search retroactive to April 8, 2016, and to consider the appellant for any suitable assignments available during the relevant time period consistent with its restoration obligations under 5 C.F.R. § 353.301(d). The agency must complete this action no later than 30 days after the date of this decision.

In the event that the agency's retroactive job search uncovers available work to which it could have restored the appellant between April 8, 2016, and March 24, 2018, we ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your compensatory damages, including pecuniary losses, future pecuniary losses, and nonpecuniary losses, such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. To be paid, you must meet the requirements set out at 42 U.S.C. § 1981a. The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204. If you believe you meet these requirements, you must file a motion for compensatory damages WITHIN 60 CALENDAR DAYS OF

THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐    1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐    2) Settlement agreement, administrative determination, arbitrator award, or order.

☐    3) Signed and completed "Employee Statement Relative to Back Pay".

☐    4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐    5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐    6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐    7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.